FILED

1  **CHRISTINE S. HASKETT (Cal. Bar No. 188053)**
   **E. DANIEL ROBINSON (Cal. Bar No. 254458)**      2012 OCT 29  P 12: 02
2  **Email: haskettes@cov.com**
   **COVINGTON & BURLING LLP**                         RICHARD W. WIEKING
3                                                CLERK, U.S. DISTRICT COURT
   **One Front Street**                          NORTHERN DISTRICT OF CALIFORNIA
4  **San Francisco, CA 94111**
   **Telephone: (415) 591-6000**
5  **Facsimile: (415) 591-6091**

6

7  *Attorneys for Apple, Inc.*

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA            **WHA**

10

11 *In re* Ex Parte Application of          Case No.: **80  262MISC**
                                            CV 12
12 Apple Inc.; Apple Retail Germany GmbH; and   **EX PARTE APPLICATION FOR AN**
   Apple Sales International,                    **ORDER PURSUANT TO 28 U.S.C. § 1782**
13                                               **GRANTING LEAVE TO OBTAIN**
                                                 **DISCOVERY FOR USE IN FOREIGN**
14                          Applicants.          **PROCEEDINGS AND SUPPORTING**
                                                 **MEMORANDUM**
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            *EX PARTE* APPLICATION FOR
                                            AN ORDER PURSUANT TO
                                            28 U.S.C. § 1782

1    Apple Inc.; Apple Retail Germany GmbH; and Apple Sales International ("Apple") apply

2    to the Court *ex parte*[1] for an order pursuant to 28 U.S.C. § 1782, granting Apple leave to obtain

3    targeted discovery from Motorola Mobility, LLC ("Motorola") for use in foreign litigations.   This

4    application is supported by the memorandum of points and authorities below and the Declaration

5    of E. Daniel Robinson, filed concurrently herewith.   The proposed order and the subpoena to be

6    served on Motorola are attached to this application as Exhibits A and B, respectively.

7    **1.    INTRODUCTION**

8    Pursuant to 28 U.S.C. § 1782, Apple seeks from Motorola copies of patent license

9    agreements and related documents for use in foreign litigation between Motorola and Apple.   The

10   documents are directly relevant to disputed issues in the foreign proceedings and are in the

11   possession of Motorola in the United States.   The statute in question specifically authorizes the

12   production of documents sought by Apple.   Indeed, Apple has used the same process to obtain

13   similar documents in the possession of third parties.   *See, e.g.*, *Ex Parte* Application Order

14   Pursuant 28 U.S.C. § 1782 Granting Leave Obtain Disc. Use Foreign Proceedings Supp. Mem., *In*

15   *re Apple Inc.*, No. MISC 12-80013 JW (N.D. Cal. Jan. 23, 2012) (No. 1).   Accordingly, Apple

16   seeks the issuance of a subpoena as set forth in Exhibit B.

17   **2.    BACKGROUND**

18   Motorola has filed lawsuits against Apple alleging Apple's products infringe patents that

19   Motorola has declared essential to practice various telecommunications standards.   Actions are

20

---

21   [1]   Courts within this Circuit have authorized the *ex parte* filing of applications for discovery
     under 28 U.S.C. § 1782.   *See, e.g.*, *In re Roebers*, No. C12-80145 MISC RS (LB), 2012 WL
22   2862122, at *2 (N.D. Cal July 11, 2012) ("An *ex parte* application is an acceptable method for
     seeking discovery pursuant to § 1782.") (citation omitted); *In re Ex Parte Application of Apple*
23   *Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) ("Under 28
     U.S.C. § 1782, a district court may order a person residing or found within its district to produce
24   documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a
     legal privilege.") (citations omitted); *In re Republic of Ecuador*, No. C-10-80225 MISC CRB
25   (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) ("[I]t is common for the process of
     presenting the request to a court and to obtain the order authorizing discovery to be conducted *ex*
26   *parte*.   Such *ex parte* applications are typically justified by the fact that the parties will be given
27   adequate notice of any discovery taken pursuant to the request and will then have the opportunity
     to move to quash the discovery or to participate in it.") (internal quotations and citations omitted).
28

-1-

1  pending in both the United States and abroad, including within the European Union.   With this

2  filing, Apple seeks documents from Motorola for use in the foreign proceedings.   Under 28

3  U.S.C. § 1782, parties such as Apple may obtain discovery for use in foreign litigations from

4  companies located within the United States.   Indeed, Apple previously has sought and obtained

5  documents pursuant to this process. *See, e.g.*, *In re Apple Inc.*, Dkt. 1, Case No. MISC 12-80013

6  JW (N.D. Cal. Jan. 23, 2012).

7      A disputed issue in the foreign actions concerns the terms and conditions under license

8  agreements for patents and portfolios related to cellular and wireless communications.   Apple has

9  asserted as a defense to Motorola's infringement allegations that Motorola has offered to license

10  its essential cellular communication patents on terms that are not reasonable and non-

11  discriminatory, in violation of German and European antitrust laws.   In support of its defenses to

12  the actions filed by Motorola against Apple in Germany, Apple seeks narrowly-tailored discovery

13  Motorola. Specifically, Apple seeks documents relating to licenses Motorola has granted to third

14  parties authorizing the third parties to practice some or all of the patents that have been asserted by

15  Motorola against Apple.

16      Apple's application satisfies Section 1782's three statutory requirements.   First, it is in "the

17  district in which [the] person resides," 28 U.S.C. § 1782(a), because Motorola maintains offices at

18  809 Eleventh Avenue in Sunnyvale, California.   Second, Apple seeks the discovery "for use in a

19  proceeding in a foreign . . . tribunal," *id.,* including in at least the Higher District Court of

20  Karlsruhe, Germany, and the District Court of Mannheim, Germany, as well as in related

21  forthcoming proceedings.   Third, Apple qualifies as an "interested person" in those foreign

22  proceedings because it is a party in those cases.   *See id.*; *Intel Corp. v. Advanced Micro Devices,*

23  *Inc.,* 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most

24  common example of, the 'interested persons' who may invoke § 1782.").

25      In addition to Section 1782's statutory requirements, the Supreme Court has set forth

26  several non-exclusive factors to assist district courts in the exercise of their discretion in granting

27  Section 1782 applications.   *See id.* at 264-65.   Each of these factors provides further support for

28

1   Apple's request.   U.S. Courts routinely grant Section 1782 applications filed by the aggrieved

2   party in foreign litigation to obtain discovery from the aggrieving party.   Section 1782 provides

3   an effective mechanism for obtaining this targeted discovery across various cases such as the

4   multiple cases pending in Germany.   In addition, German courts are receptive to the type of

5   discovery sought by Apple, the discovery sought provides key information for the foreign

6   proceedings, and the request is not made to circumvent any limitation on discovery imposed by

7   German courts.   Finally, the discovery request is narrowly tailored and is not unduly intrusive or

8   burdensome, as the scope of the requests is commensurate with a subpoena served by Motorola on

9   Apple pursuant to § 1782.   *See In re Ex Parte Application of Motorola Mobility, LLC*, No. C 12-

10   80243 EJD (PSG) (N.D. Cal.).

11          Accordingly, Apple respectfully requests that the Court enter the order attached as Exhibit

12   A, allowing Apple to serve Motorola with the subpoena attached as Exhibit B.

13   **3.      PRIOR PROCEEDINGS**

14          Motorola has filed lawsuits against Apple in the United States and in Germany.   Relevant

15   here, Motorola has filed lawsuits in German courts accusing Apple's iPhone and iPad product

16   lines of infringing Apple patents that are necessary to practice 2G and 3G wireless communication

17   standards.   (Robinson Decl. ¶¶ 4-8.)

18          Apple seeks limited and narrowly tailored discovery of Motorola licenses and relating to

19   patents that are or may be essential to wireless and cellular communication standards, as well as

20   already-extant deposition testimony relating to these licenses.

21   **4.      LEGAL STANDARD**

22          "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to

23   provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.,*

24   542 U.S. at 247.   Over time, Congress has "substantially broadened the scope of assistance

25   federal courts could provide for foreign proceedings." *Id.* at 247-249; *In re Ex Parte LG Elec.*

26   *Deutschland GmbH*, No. 12-cv-1197-LAB (MDD), 2012 WL 1836283, at *3 (N.D. Cal. May 21,

27

28
                                              -3-

1 | 2012) ("[because] our courts favor broad discovery generally, the Court will authorize the issuance
2 | of the requested subpoena [under § 1782]").   Section 1782 provides in part:

> The district court of the district in which a person resides or is found
> may order him to give his testimony or statement or to produce a
> document or other thing for use in a proceeding in a foreign or
> international tribunal. . . . The order may be made . . . upon the
> application of any interested person and may direct that the
> testimony or statement may be given, or the document or other thing
> be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).   The statute thus sets forth three requirements that authorize a district court
to grant a Section 1782 application where "(1) the discovery is sought from a person residing in
the district court to which the application is made; (2) the discovery is for use in a proceeding
before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an
'interested person.'"   *In re Apple Inc.*, 2012 WL 1570043, at *1; *see also In re Gianasso*, No. C
12-80029 MISC SI, 2012 WL 651647, at *2 (N.D. Cal. Feb. 28, 2012); *In re Ecuador,* 2010 WL
3702427, at *2.

The Supreme Court has articulated several non-exclusive factors to help district courts
determine how to exercise their discretion in granting Section 1782 applications, including "(1)
whether 'the person from whom discovery is sought is a participant in the foreign proceeding',   (2)
'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the
receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial
assistance'; (3) whether the request is 'an attempt to circumvent foreign proof-gathering
restrictions or other policies of a foreign country or the United States'; and (4) whether the
discovery is 'unduly intrusive or burdensome.'"   *In re Apple Inc.*, 2012 WL 1570043, at *1 (quoting
*Intel Corp.,* 542 U.S. at 264-65).   *See also Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C08-05124
HRL, 2009 WL 88348, at *1-2 (N.D. Cal. Jan. 13, 2009).

## 5.   ARGUMENT

Each of the statutory factors weighs in favor of granting Apple's application.   Each of the
Supreme Court's discretionary factors articulated in *Intel Corp.* also favors the granting of Apple's
application.

-4-

1      **a.    Apple's Application Meets the Section 1782 Requirements.**

2      Apple's request for discovery meets all three statutory requirements.

3      *First*, the person from whom discovery is sought, Motorola, "resides or is found" in this

4 District.   28 U.S.C. § 1782(a).   Motorola maintains offices at 809 Eleventh Avenue in

5 Sunnyvale, California.   (Robinson Decl. ¶ 8 (*See* http://www.motorola.com/Consumers/US-

6 EN/About_Motorola/Office_Locations (last visited October 22, 2012)).

7      *Second*, the discovery is sought for use in a "proceeding before a foreign tribunal." 28

8 U.S.C. § 1782(a).   Specifically, Apple seeks the information for use in establishing its license,

9 unfair competition, and/or EU competition law defenses in patent infringement actions brought by

10 Motorola in three foreign tribunals: the Mannheim District Court, the Dusseldorf District Court,

11 and the Higher District Court of Karlsruhe. As previous cases have recognized, these and related

12 foreign adjudicative bodies qualify as "tribunals" for purposes of Section 1782.   *See, e.g., In re*

13 *Apple Inc.*, No. 3:12-mc-80013-JW (N.D. Cal. May 2, 2012) (No. 15) (denying motion to squash

14 after having granted 1782 application for discovery in the same German litigations at issue here);

15 *Cryolife, Inc. v. Tenaxis Medical, Inc.,* No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1,

16 5 (N.D. Cal. Jan. 13, 2009) (permitting discovery for use in patent infringement suit pending in

17 "Dusseldorf Regional Court in Germany"); *Minatec Fin. S.A.R.L. v. SI Group Inc.*, Civ. No. 1:08-

18 cv-269 (LEK/RFT), 2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) (permitted discovery for use in

19 litigation pending in the Regional Court in Frankfurt, Germany).

20      *Third*, as a named party in the foreign actions, Apple qualifies as an "interested" party.   28

21 U.S.C. § 1782(a); *Intel Corp.,* 542 U.S. at 256 ("No doubt litigants are included among . . . the

22 'interested person[s]' who may invoke § 1782"); *In re Roebers*, 2012 WL 2862122, at *3 ("there is

23 no question that Ms. Roeber is an 'interested person' as she is a litigant in the proceeding").

24      Accordingly, Apple has satisfied the statutory requirements for an application under 28

25 U.S.C. § 1782.

26

27

28

b.   **The Supreme Court's *Intel* Factors Strongly Favor Granting Apple's Application.**

In addition, the discretionary factors identified by the Supreme Court in *Intel Corp.* weigh heavily in favor of the Court granting Apple's request for discovery.

i.   Apple Seeks Highly Relevant Information That Will Assist the Foreign Courts.

The *Intel Corp.* Court advised courts to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp.*. 542 U.S. at 264.   Because the nature and character of the foreign proceedings involve allegations by Apple that Motorola has not offered Apple compulsory patent licenses on terms in compliance with EU competition laws, discovery regarding Motorola's own license agreements and deposition testimony relating to the same is critical to Apple's case.   *See London v. Does 1-4,* 279 Fed. App. 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery when proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG,* 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under Section 1782).   In particular, the royalty rates and negotiation of wireless essential patent licenses that Motorola has entered into with other licensees are relevant to Apple's position that Motorola has failed to offer it a license on fair, reasonable, and non-discriminatory terms under the European competition laws.

Indeed, in denying Nokia Inc.'s motion to quash a subpoena issued by Apple pursuant to Section 1782, Chief Judge Ware of this District recognized that the receptivity of the German courts "compelled" allowing the same type of discovery, for use in the same German cases, sought here by Apple:

> Upon review, the Court finds that Nokia has not met its burden of demonstrating that the German courts would be unreceptive to U.S. judicial assistance or that Apple's request is an attempt to circumvent German proof-gathering restrictions. Here, the evidence at issue consists of certain licenses and communications that are sought by Apple in order to show that Motorola violated an obligation to provide Apple a license on fair, reasonable and

-6-

1
2
3
4
5
6
7

> nondiscriminatory ("FRAND") terms. Specifically, Apple seeks to
> show that Motorola violated its FRAND obligation by entering into
> license agreements with Nokia, an Apple competitor, on terms more
> favorable than those it offered to Apple. Nokia presents no evidence
> to suggest that the German courts would disallow such evidence,
> once Apple has obtained it. Rather, Nokia contends only that
> German rules of procedure do not provide a mechanism for a party
> to obtain such evidence. However, in recognizing that "[a] foreign
> nation may limit discovery within its domain for reasons peculiar to
> its own legal practices, culture, or traditions" the Supreme Court
> anticipated situations such as these, and nonetheless found that the
> objectives of § 1782 compelled discovery.

8
9

*In re Apple Inc.*, 2012 WL 1570043, at *2.[2]   Still other prior cases have recognized the

receptiveness of German courts to the use of discovery obtained through Section 1782. *See, e.g.*,

10
11

*Heraeus Kulzer v. Biomet*, 633 F.3d 591, 596 (7th Cir. 2011); *Cryolife, Inc.*, 2009 WL 88348, at

*3; *Minatec Fin.*, 2008 WL 3884374, at *7 ("[W]e find neither any rejection nor offense taken by

12
the German tribunals to a stateside discovery order.").

13

ii.      No Foreign Discovery Restrictions Bar Apple's Requested Discovery.

14
15

Section 1782 does not require that the documents sought be discoverable in the foreign

courts. *Intel Corp.*, 542 U.S. at 260-63. However, a district court may consider whether an

16
17

applicant was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other

policies of a foreign country or the United States." *Id.* at 265.[3]   That is not the case here.

18
19

Apple is unaware of any restrictions on proof-gathering procedures that would prohibit

Apple from obtaining and introducing the discovery it seeks through Section 1782. Indeed,

20

Apple has previously obtained and used as evidence discovery obtained under Section 1782 from

21

---

22
23

[2]      Judge Ware's analysis similarly shows that another *Intel Corp.* discretionary factor –
whether the discovery is an attempt to circumvent foreign discovery rules – also weighs in favor of
granting Apple's ex parte application. *See infra* § 4(b)(ii).

[3]      *See also In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[O]nly upon authoritative proof

24
that a foreign tribunal would *reject* evidence obtained with the aid of Section 1782 should a
district court refrain from granting the assistance offered by the act.") (emphasis in original);

25
*Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995) (permitting
discovery under Section 1782 and observing that court "can simply refuse to consider any

26
evidence that [1782 applicant] gathers by what might be—under French procedures—an
unacceptable practice"); *Procter & Gamble*, 334 F. Supp. 2d 1112, 1116 (holding that "to decline

27
a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the

28
request would undermine a specific policy of a foreign country or the United States").

1  third parties such as Qualcomm Incorporated ("Qualcomm"). Apple was able to introduce that
2  discovery in Germany without any protest from the German courts. *See In re Apple Inc.*, Case
3  No. 12-cv-147 (S.D. Cal. Jan. 25, 2012) (No. 2) (granting Apple's ex parte application for an order
4  pursuant to 28 U.S.C. § 1782 to seek discovery from Qualcomm) (Ex. 3). *See also Intel Corp.*,
5  542 U.S. at 262 ("When the foreign tribunal would readily accept relevant information discovered
6  in the United States, application of a foreign-discoverability rule would be senseless.").

7        As noted above, courts have routinely granted applications under Section 1782 for
8  evidence to be used in the foreign courts at issue here. *See, e.g., Heraeus Kulzer,* 633 F.3d at 597
9  ("Heraeus cannot obtain even remotely comparable discovery by utilizing German procedures and
10 there is nothing to suggest that the German court would be affronted by Heraeus's recourse to U.S.
11 discovery or would refuse to admit any evidence, or at least any probative evidence (German
12 judges can disregard evidence that would waste the court's time), that the discovery produced.");
13 *Cryolife, Inc.*, 2009 WL 88348, at *3-4.

14       Absent compelling proof that the German courts would reject the discovery sought by
15 Apple from Motorola, this factor weighs heavily in Apple's favor. *Heraeus Kulzer,* 633 F.3d at
16 597 ("Once a section 1782 applicant demonstrates a need for extensive discovery for aid in a
17 foreign lawsuit, the burden shifts to the opposing litigant to demonstrate, by more than angry
18 rhetoric, that allowing the discovery sought (or a truncated version of it) would disserve the
19 statutory objectives."); *Metallgesellschaft v. Hodapp*, 121 F.3d 77, 80 (2d Cir. 1997) ("Absent
20 authoritative proof that a foreign tribunal would reject the evidence obtained with the aid of
21 section 1782 . . . a district court should not refrain from granting the assistance afforded under the
22 Act based simply on allegations to that effect." (citations and quotations omitted)).

23       Accordingly, this *Intel Corp.* discretionary factor also weighs in favor of granting Apple's
24 ex parte application.

25            iii.    Apple's Discovery Is Narrowly Tailored to Avoid Undue Burden.

26       The *Intel Corp.* Court finally noted that "unduly intrusive or burdensome requests may be
27 rejected or trimmed." 542 U.S. at 265.  Here, Apple's proposed discovery requests are narrowly
28

-8-

tailored and minimally burdensome.   Apple is requesting discovery of a small, discrete set of documents: intellectual property licenses between Motorola and third parties, and transcripts of depositions that have already taken place.   Upon information and belief, the universe of responsive documents is likely small and easily searchable, and Motorola could produce these documents to Apple with little incident.

Finally, Motorola would be loath to argue that the Section 1782 discovery process causes undue burden, as it has filed an application for a subpoena pursuant to Section 1782 to obtain from Apple discovery of equal scope for use in the same German cases at issue here.   *See In re Ex Parte Application of Motorola Mobility, LLC*, No. C 12-80243 EJD (PSG) (N.D. Cal.).

              iv.     That Motorola is a Party to the Foreign Proceedings Does Not Weigh Against Granting the Application.

The *Intel Corp.* Court finally asks whether "the person from whom discovery is sought is a participant in the foreign proceeding." 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid").   This factor arose out of the Supreme Court's concern that a party to foreign litigation would use Section 1782 to obtain discovery in the U.S. that it could have obtained from the foreign tribunal.   *See id.* (finding that "the need for § 1782(a) generally is not as apparent" when the party from whom discovery is sought is a party to the foreign proceeding because "[a] foreign tribunal . . . can itself order them to produce evidence.").   Motorola Mobility is a party to the German litigations at issue. However, the Supreme Court's concerns articulated in *Intel Corp.* do not bear on Apple's application because German courts have very limited ability to order the production of documents, and, important here, the material sought—licenses and deposition transcripts in Motorola's possession—is not within the German courts' jurisdictional reach.

Indeed, Courts have routinely granted Section 1782 applications for pursuit of discovery of parties to actions in Germany, recognizing the fact that German courts do not allow for nearly the same type of discovery allowed for in the United States.   *See, e.g., Heraeus Kulzer,* 633 F.3d at 597 (authorizing Section 1782 discovery because German litigant could not "obtain even remotely

-9-

none
EX PARTE APPLICATION FOR
AN ORDER PURSUANT TO
28 U.S.C. § 1782

1 | comparable discovery by utilizing German procedures"); *Cryolife, Inc.*, 2009 WL 88348; *Minatec*
2 | *Fin.*, 2008 WL 3884374.  *See also In re Procter & Gamble Co.*, 334 F. Supp. 2d at 1114-15, 1118
3 | (E.D. Wis. 2004) (granting Section 1782 request for discovery from party involved in multiple
4 | foreign suits against applicant, as is the case here).

5 |          v.       Granting Apple's Section 1782 Request Would Promote Efficient
                      Discovery.
6 |

7 |          Courts have also considered other evidence bearing on whether the discovery sought
8 | accomplishes the goals of the statute, which include "providing efficient assistance to participants
9 | in international litigation, and encouraging foreign countries by example to provide similar
10 | assistance to our courts."  *Cryolife, Inc.*, 2009 WL 88348, at *2.  In addition, given the multiple
11 | German cases between Motorola and Apple for which the same discovery is likely to be used,
12 | Section 1782 provides an efficient route to obtain the discovery sought by Apple.

13 | **6.    CONCLUSION**

14 |          Apple seeks narrowly tailored discovery for use in several currently pending foreign
15 | proceedings.  Accordingly, the *Intel Corp.* factors strongly favor the Court exercising its
16 | discretion to grant Apple's application.  As has already been noted, courts routinely permit
17 | discovery under Section 1782, especially when, as here, the applicant has satisfied the statutory
18 | requirements and the above factors weighed in favor of granting relief.

19 |          Because Apple's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and
20 | because the *Intel Corp.* factors all weigh in favor of granting the application, Apple respectfully
21 | requests that this Court issue the proposed order attached as Exhibit A, authorizing Apple to serve
22 | Motorola with a subpoena in substantially the same form as Exhibit B.

23 |
24 |          Dated: 10/26/12
25 |                                                       E. Danl R——
                                                          E. Daniel Robinson
26 |
                                                          Attorneys for Applicant Apple, Inc.
27 |
28 |
                                          -10-

# EXHIBIT A

1

2

3

4

5

6

7

8

9

## UNITED STATES DISTRICT COURT

10

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13 | *In re* Ex Parte Application of | Civil Case No.:

14 | APPLE INC.; APPLE RETAIL

15 | GERMANY GMBH; and APPLE SALES INTERNATIONAL,

**[PROPOSED] ORDER GRANTING APPLE'S *EX PARTE* APPLICATION FOR AN ORDER**

16 | Applicants,

**PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN**

17 | For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from

**DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

18 | Nokia Inc. for Use in Foreign Proceedings.

19

20

21

22

23

24

25

26

27

28

1    This matter comes before the Court on the *Ex Parte* Application of Apple Inc.; Apple

2    Retail Germany GmbH; and Apple Sales International (collectively, "Apple") for an Order to

3    Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a) (the

4    "Application"), which seeks documents from Motorola Mobility, LLC ("Motorola") in

5    connection with various foreign patent litigations pending between Apple and Motorola, Inc.,

6    Motorola Mobility, Inc. and their affiliates.

7    The Court, having fully considered the papers on file and submitted herewith, and good

8    cause appearing:

9    **HEREBY GRANTS** the Application of Apple.

10    **IT IS HEREBY ORDERED THAT APPLE IS GRANTED LEAVE TO** issue a

11    subpoena for documents in substantially the form attached as Exhibit B to the Application,

12    directing Motorola to produce the documents requested in the subpoena at the offices of counsel

13    for Apple, Covington & Burling LLP, One Front Street, San Francisco, CA or another location

14    mutually agreeable to Apple and Motorola.

15    It is further ORDERED  that copies of the Application and Memorandum in Support

16    thereof and this Order shall be mailed to the following:

17

18           Motorola Mobility, LLC
       809 Eleventh Avenue,

19           Sunnyvale, CA 94089-4731

20

21    IT IS SO ORDERED.

22

Dated: _____    _____

23                             United States District Judge

24

25

26

27

28

ORDER RE EX PARTE APPLICATION
PURSUANT TO 28 U.S.C. § 1782

# EXHIBIT B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| IN RE App'l of Apple Inc. et al. 28 USC 1782 ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: MOTOROLA MOBILITY, LLC
 809 Eleventh Avenue, Sunnyvale, CA 94089-4731

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

  See Attachment A.

| Place: Covington & Burling LLP<br>  One Front Street<br>  San Francisco, CA 94111 | Date and Time: |
|---|---|

□ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

  The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  10/26/2012

   *CLERK OF COURT*

            OR   &#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;

     *Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Apple Inc.
                      , who issues or requests this subpoena, are:

E. Daniel Robinson, Covington & Burling LLP, One Front Street, San Francisco, CA 94111; drobinson@cov.com;
(415) 591-6000

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# Attachment A

**ATTACHMENT A**

**Definitions and Instructions**

1. "Motorola" means  Motorola Mobility, Inc. and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

2. "Nokia"  means Nokia Inc. and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States, including but not limited to Nokia Corporation.

3. "Samsung" means Samsung Electronics Co., LTD and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

4. "RIM" means Research in Motion Limited and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

5. "LG" means LG ElectronicsInc. and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

6. "Qualcomm" means Qualcomm Incorporated and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

7. "Ericsson" means TELEFONAKTIEBOLAGET LM ERICSSON Torshamnsgatan and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

8. "Chi Mei" means Chi Mei Communication Systems and each predecessor, successor, division, subsidiary, parent or related company thereof, whether or not organized under the laws of the United States.

9. "And" and "or" should be interpreted either disjunctively or conjunctively, whichever gives the request a broader scope.

10. "IPR" means intellectual property rights, including domestic and foreign patents and patent applications. For the avoidance of doubt, IPR includes intellectual property rights that might be jointly owned with a third party.

11. "Wireless Standard" means cellular telecommunications standards or other wireless data communications standards, including, but not limited to the following IEEE, ETSI and 3GPP standards: (1) GSM; (2) GPRS; (3) EDGE; (4) UMTS; and (5) 802.11.

12. "Wireless IPR" means any IPR held by a third party other than Apple relating to any Wireless Standard.

13. "Document" and/or "Thing" has the broadest definition of document under the Federal Rules of Civil Procedure and the cases interpreting those rules, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence.

14. "Communication" and "communications" shall refer to all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, computer mail, e-mail and all other documents evidencing any verbal or nonverbal interaction between persons and entities.

15. "Person" includes both natural persons and legal entities, without limitation, including all predecessors in interest, groups, associations, partnerships, corporations, agencies, or any other legal, business or governmental entity.

16. "Relating to" and "relate to" mean and include affecting, concerning, constituting, dealing with, describing, embodying, evidencing, identifying, involving, providing a basis for, reflecting, regarding, respecting, stating or in any manner whatsoever pertaining to that subject.

17. The words "any," "all," and "each" shall be construed to mean any, all, each, and every.

18. These document requests shall be deemed to seek documents as of the date of service thereof and to the full extent permitted by the Federal Rules of Civil Procedure.

19. All requests for documents and materials are limited to documents and materials that are in your care, custody, or control.

20. All documents must be produced in accordance with the requirements of Federal Rule of Civil Procedure 34.

21. Electronic records and computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

22. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

23. File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

24. Documents attached to each other shall not be separated.

25. If any information requested is claimed to be privileged or otherwise, please provide all information falling within the scope of the Request which is not privileged, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

   a.  the basis on which the privilege is claimed;

   b.  the names and positions of the author of the document and all other persons participating in the preparation of the document;

   c.  the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

   d.  the date of the document;

   e.  a description of any accompanying material transmitted with or attached to such document;

   f.  the number of pages in such document;

   g.  the particular Request to which such document is responsive; and

   h.  whether any business or non-legal matter is contained or discussed in such document.

**Request for Documents and Things**

1. All documents that grant or granted, or purport or purported to grant, to any rights, protections, or licenses in or to any Motorola Wireless IPR, that provide or provided a covenant not to sue relating to any Wireless IPR, or that otherwise authorize or authorized a party to practice any third party Motorola Wireless IPR, including but not limited to all agreements, amendments, appendices, attachments, schedules, and addendums.  For the avoidance of doubt, this request includes but is not limited to all agreements, amendments, appendices, attachments, schedules, and addendums that might involve Ericsson, Nokia, Chi Mei, Qualcomm, RIM, Samsung, or LG.

2. For each document produced in response to Request No. 1, all Communications with Apple and/or third parties relating to that document, including Communications regarding the negotiation of the document.

3. Any and all transcripts, including associated exhibits, from the deposition(s) of Your employee or former employee Neill Taylor from *In the Matter of Certain Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof*, U.S.I.T.C. Investigation No. 337-TA-745, *In the Matter of Certain Mobile Devices and Related Software*, U.S.I.T.C. Investigation No. 337-TA-750, and *Apple Inc. v. Motorola, Inc., et al.*, No. 1:11-cv-8540 (N.D. Ill.).

4. Any and all transcripts, including associated exhibits, from the deposition(s) of Your employee or former employee Richard Sonnentag from *In the Matter of Certain Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof*, U.S.I.T.C. Investigation No. 337-TA-745, *In the Matter of Certain*

*Mobile Devices and Related Software*, U.S.I.T.C. Investigation No. 337-TA-750, and *Apple Inc. v. Motorola, Inc., et al.*, No. 1:11-cv-8540 (N.D. Ill.).

5. Any and all transcripts, including associated exhibits, from the deposition(s) of Your employee or former employee Kirk Dailey in *Apple Inc. v. Motorola, Inc., et al.*, No. 1:11-cv-8540 (N.D. Ill.).

6. Any and all transcripts, including associated exhibits, from the deposition(s) of Your employee or former employee Brian Blasius in *Apple Inc. v. Motorola, Inc., et al.*, No. 1:11-cv-8540 (N.D. Ill.).